IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARY CASEY, as Administrator of the )
Estate of Phillip Casey, deceased, )
 )
    Plaintiff, )
 ) Case No. 11–cv–786–JPG–SCW
vs. )
 )
JULIE WITTENAUER, M.D.; ASHLEY )
MALCOLM, M.D.; DAVID DORSEY, )
M.D.; ST. ELIZABETH's HOSPITAL OF )
THE HOSPITAL SISTERS OF ST. )
FRANCIS, an Illinois Corporation; ROOP )
LAL, M.D.; HEIDI DUFF, P.A.; )
CARDIOLOGY CONSULTANTS, LTD; )
and SAINT LOUIS UNIVERSITY, )
 )
    Defendants. )

# MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

## I. Introduction

    This matter originated in state court. It was removed on August 30, 2011, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446, based on what is commonly referred to as "federal officer jurisdiction." Removal was for the sole purpose of seeking to quash a subpoena issued to Marjorie Guthrie, M.D., and a motion to quash subpoena (Doc. 3) has also been filed in this case seeking that relief.

## II. Factual Background

    The underlying state court dispute is closely related to another case before this district, Mary Casey v. United States, Case No. 11-cv-362-JPG which alleges a wrongful death claim against the United States because its agent Marjorie Guthrie, M.D. was negligent in administrating health care to

the deceased, Phillip Casey (Case No. 11-cv-362, Doc. 2). The state case was brought against numerous other Defendants, relating to the events surrounding the death of Phillip Casey. The facts related to the present issue before the Court are as follows:

Dr. Marjorie Guthrie is employed by the Department of Health and Human Services ("DHHS"), which is a federal agency. On August 25, 2011, the United States Attorney's Office was advised by DHHS that Dr. Guthrie had received a subpoena issued by the Circuit Court of St. Clair County requiring her to give deposition testimony on August 31, 2011. The subpoena, attached to the notice of removal, indicated that Dr. Guthrie was to testify and bring any materials related to her treatment of the deceased, Phillip Casey. The subpoena also stated that failure to appear would subject Dr. Guthrie "to punishment for contempt of this Court" (Doc. 2 Ex. A). In response to the subpoena, the DHHS contacted the United States Attorney's Office who, on behalf of Dr. Guthrie, contacted the attorney issuing the subpoena and also sent a letter informing the parties of the applicable regulations which prohibit Dr. Guthrie from testifying without approval from the agency (Doc. 2 ¶ 6, Ex. B). The letter instructed the parties that in order to properly obtain Dr. Guthrie's deposition, they would need to file a proper request with the agency head which had not occurred. Defendants have attached to their Response to the motion to quash a letter from DHHS indicating that Plaintiff's counsel has sought such a request from the DHSS in the state court proceedings, but that the DHSS has stated that while it would allow the testimony, certain restrictions would be placed on the type of questions that could be asked (Doc. 9 Ex. A). Specifically, Dr. Guthrie could testify as a fact witness but could not give expert testimony or give her opinion as to the standard of care, causation, or any other matter that would require expert testimony (Doc. 9 Ex. A). In response to the letter and the concerns voiced by Dr. Guthrie's counsel, an attorney for some of the defendants in the state case advised the United States Attorney's Office that defendants in the state case had no intention of withdrawing the subpoena and

would seek a contempt order from the state court if Dr. Guthrie did not appear at her scheduled deposition (*Id.* at ¶ 7). In response, Dr. Guthrie removed this matter to this Court and sought to quash the subpoena (Docs. 2 & 3).

### III. Analysis

The removal of this dispute it proper under § 1442(a)(1). The action became removable when Dr. Guthrie refused to testify per the requirements of the subpoena and Defendants attorneys stated that they would bring the matter before the Circuit Judge who issued the subpoena threatening Dr. Guthrie with contempt if she did not testify. *See Dunne v. Hunt*, **No. 06 C 170, 2006 WL 1371445, at \*4 (N.D. Ill. May 16, 2006)**. However, this Court only has jurisdiction over the enforceability of the subpoena, the state court retains jurisdiction over the remainder of the case. *Wisconsin v. Hamdia*, **765 F.2d 612, 615 (7th Cir. 1985)**. Under a § 1442 removal, the federal court's jurisdiction essentially is derivative of the state court's jurisdiction. *Edwards v. U.S. Dep't of Justice*, **43 F.3d 312, 316 (7th Cir. 1994) ("Therefore, if the state court lacks jurisdiction to enforce the subpoenas, the district court will be in no better position than the state court in enforcing the subpoenas once the case is removed to federal court.")**.

In Dr. Guthrie's motion to quash, she has set out the DHHS regulations that prohibit Dr. Guthrie from testifying without her agency's permission. *See* **45 C.F.R. § 2.3 ("No employee or former employee of the DHHS may provide testimony or produce documents in any proceedings...concerning information acquired in the course of performing official duties...unless authorized by the Agency head"); 45 C.F.R. §2.4(a) ("All requests for testimony by an employee or former employee of DHHS in his or her official capacity...must be addressed to the Agency head in writing and must state the nature of the requested testimony, why the information sought is unavailable by other means, and the reasons why the testimony would**

**be in the interest of the DHHS or the federal government.")**. The state court lacks jurisdiction "to independently compel the testimony or production of documents when it is contrary to a valid agency regulation." *Edwards*, **43 F.3d at 316.** There is an "unbroken chain of authority" holding that "a federal employee cannot be compelled to obey a subpoena, even a federal subpoena, that acts against valid agency regulations." *Id*. **at 317 (citing** *United States ex rel. Touhy v. Ragen*, **340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951))**.

In response to the Dr. Guthrie's motion, Defendants Julie Wittenauer, M.D., Ashely Malcolm, M.D., David Dorsey, M.D. and Saint Louis University argue that Dr. Guthrie's deposition should be taken and be unrestricted because Guthrie was once a party to the underlying litigation and still is a witness in the federal case against the United States where her deposition will be given unrestricted. Defendants argue that her testimony is essential in the state case as she was the attending physician of the deceased, Mr. Casey, and was in charge of his care and treatment, thus making her testimony regarding standard of care essential to the state case. Defendants suggest that Plaintiff's counsel has sought Dr. Guthrie's testimony through proper channels in the DHSS and that her testimony was allowed by the DHSS but with certain restrictions which would prevent Defendants from asking questions about the standard of care and causation of Mr. Casey's injuries and ultimate demise.

While the parties understandably wish to question Dr. Guthrie without restriction and the Court acknowledges their frustration in not being able to do so, the propriety of the restrictions are not before the Court. The only matter before the Court is the legality of the subpoena itself, and here the Court finds that the subpoena must be quashed. Dr. Guthrie is obviously abiding by a valid regulation in refusing to testify at an unrestricted deposition in state court, thus the state court lacks jurisdiction to enforce the subpoena. *Edwards*, **43 F.3d at 317;** *see also Boron Oil Co. v. Downie*, **873 F.2d 67, 70-72 (4th Cir. 1989) (state court had no jurisdiction to compel testimony from**

**federal agent once agency had denied request for agent's testimony).** As testifying would clearly be contrary to the agency provisions set out in 45 C.F.R. §§ 2.3 and 2.4(a), Dr. Guthrie can not be compelled by the state court through a subpoena to testify. As the state court lacks jurisdiction to enforce the subpoena, this Court, also, similarly lacks jurisdiction to do so. Instead, the proper procedure for challenging the decision by the DHSS to impose restrictions is through a lawsuit brought in federal court pursuant to the APA. Although *Edwards* suggests that this Court could convert this matter into such a proceeding under the APA, the parties have not requested this Court to do so and the Court will not convert the proceedings on its own motion.[1] Accordingly, the Court **GRANTS** Dr. Guthrie's motion to quash (Doc. 3) and **QUASHES** the subpoena issued to Dr. Guthrie.

IT IS SO ORDERED.

DATED: September 26, 2011

/s/*Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge

---

[1] In fact, the Court notes that in the case cited by defendants, *Exxon Shipping Co. v. United States Department of Interior*, **34 F.3d 774 (9th Cir. 1994)**, the parties utilized the proper procedure of bringing a claim under the APA to deal with the issues presented by the agency.