UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY CASEY, as Administrator for the Estate of Phillip Casey, Deceased,<br><br>        Plaintiff,<br><br>  v.<br><br>JULIE WITTENAUER, M.D.; ASHLEY MALCOLM, M.D.; DAVID DORSEY, M.D.; ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS OF ST. FRANCIS, an Illinois Corporation; ROOP LAL, M.D.; HEIDI DUFF, P.A.; CARDIOLOGY CONSULTANTS, LTD; and SAINT LOUIS UNIVERSITY,<br><br>        Defendants. | Case No. 11-cv-786-JPG-SCW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Mary Casey's motion for clarification of the Court's September 27, 2011, order closing this case (Doc. 19). The subpoena proceedings and any related contempt proceedings constituting this case were removed from state court pursuant to 28 U.S.C. §§ 1142(a)(1) and 1446 by Marjorie Guthrie, M.D., a federal employee acting in her official capacity, by and through the United States. In this forum, she sought to quash a deposition subpoena; all other issues in the state court litigation remained before the state court. On September 26, 2011, Magistrate Judge Stephen C. Williams quashed the subpoena (Doc. 16), and the following day, the Court closed the case (Doc. 18).

This procedure has caused some confusion in the state court about the status of the state case, only a part of which was removed to federal court in this case, and the remainder of which should have remained pending on the state court docket. Casey now requests an order remanding the non-subpoena-related parts of this case to the state court. The Court cannot issue

such an order because it does not have jurisdiction to *remand* proceedings that have not been *removed*, and *nothing was removed from state court except the subpoena proceeding*, which has been fully resolved in this forum. The non-subpoena-related parts of Casey's state court case never left state court and should still be ongoing in that forum. For this reason, the Court **DENIES** Casey's motion for clarification (Doc. 19).

If this order is not sufficient to rejuvenate the apparently erroneously closed state court proceedings, the Court would entertain a motion for a telephone status conference in which all parties and any state judicial officer can be present so that the matter may be further clarified

**IT IS SO ORDERED.**
**DATED:  December 16, 2011**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**